IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEOCOMPLY SOLUTIONS INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-01273 (UNA) |
| | ) | |
| v. | ) | |
| | ) | |
| XPOINT SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF GEOCOMPLY SOLUTIONS INC.'S MOTION FOR
EXPEDITED DISCOVERY AND REQUEST FOR EXPEDITED BRIEFING**

Plaintiff GeoComply Solutions Inc. ("GeoComply") moves for leave to serve expedited discovery—a single request for production—upon Defendant XPoint Services LLC ("XPoint") to prepare for and support GeoComply's anticipated motion for preliminary injunction ("PI Motion"). GeoComply further requests that the Court grant expedited briefing on this motion.

**I.     NATURE AND STAGE OF THE PROCEEDINGS**

XPoint's first commercialization of its allegedly infringing service was via "soft launch" on or around August 23, 2022. Accordingly, on September 27, GeoComply filed its initial complaint for patent infringement, alleging XPoint infringes GeoComply's U.S. Patent No. 9,413,805 ("the '805 Patent").

As soon as is practicable, GeoComply expects and intends to file a PI Motion to enjoin XPoint from further infringement during the pendency of this action.

**II.    SUMMARY OF THE ARGUMENT**

Before filing its PI Motion, GeoComply respectfully seeks an order allowing GeoComply to review XPoint's source code on an expedited basis, and only under an appropriate protective order.

GeoComply has an abundance of factual and legal bases for the PI Motion and indeed is ready and able to file its PI Motion. However, unless GeoComply is able to point to the precise lines in the source code that infringe its '805 Patent, XPoint will not have a detailed understanding of GeoComply's infringement allegations. In the interests of efficiency and economy—because GeoComply's PI Motion and consequent scheduling order will be streamlined and proceed more efficiently if targeted, expedited discovery proceeds at the outset—this narrowly tailored motion should be granted.

Further, expedited briefing on the instant motion is necessary given the irreparable harm alleged in the Complaint via, among other things, XPoint's two recent commercializations of the accused service (D.I. 1 ¶ 35.) With every passing day, *literally*, GeoComply continues to suffer alarming irreparable harm: just yesterday, one day after GeoComply filed its initial complaint, XPoint announced a new "multi-million-dollar round of investment funding that will support the company's continued growth in the USA." Declaration of Douglas A. Grady ("Grady Decl.") ¶ 8, Ex. A.

GeoComply respectfully requests that the Court order a response to this motion on or before October 11, 2022, with a reply due on or before October 14, 2022.

### III. STATEMENT OF FACTS

Earlier this week, GeoComply filed its Complaint alleging that XPoint's geolocation services infringe GeoComply's '805 Patent. (D.I. 1.) The '805 Patent, titled "Geolocation Engine," addresses technical problems arising out of the confluence of legal, regulatory, and commercial considerations in the nascent and increasingly popular online gaming industry. For a variety of reasons, gaming providers must be able "to demonstrate a secure method of geo-locating an end user before they can transact" with the gaming provider. (D.I. 1-1 at 1:5–8.) The '805 Patent

provides an innovative geolocation engine that is highly secure and versatile, allowing gaming providers to securely and reliably confirm a player's precise geographic location. (*Id*. at 1:18–22.)

XPoint provides geolocation and location verification services for authenticating a user's location when the user accesses online gaming services in virtually the same way that GeoComply does. (D.I. 1.) One of XPoint's customers is PlayStar, an online casino based in New Jersey. (*Id*. ¶¶ 18–19.) Upon information and belief, XPoint's first commercialization of its geolocation service was via the "soft launch" of PlayStar's online casino on or around August 23, 2022. (*Id*. ¶ 17.) That soft launch first alerted GeoComply to XPoint's potential infringement. (*Id*. ¶ 18.) GeoComply worked expeditiously to research the potential infringement of the claims of the '805 Patent by XPoint's service, including the drafting of the Complaint and investigation and preparation in anticipation of the PI Motion. Grady Decl. ¶ 4.

In its Complaint, GeoComply accuses XPoint of infringing at least claim 1 of the '805 Patent, which reads:

> 1. A method for determining a geo-location, the method comprising:
>
> transmitting a request to a first server by a first device;
>
> collecting geolocation data associated with the first device in response to the request, the geolocation data collected by a module stored in memory and executed by a processor on the first device, the first device in communication with the first server which provides a service over a network;
>
> identifying that one or more selected programs are present at the first device;
>
> transmitting the geolocation data and programs and a list of the present selected programs to a second server;
>
> receiving a geolocation message from the second server, the geolocation message generated at least in part from the geolocation data and a list of the present selected programs; and
>
> providing the received geolocation message to the first server.

(D.I. 1-1 at 10:15–33.) Based on publicly available information, GeoComply alleges XPoint infringes that claim. To detail its assertion, GeoComply needs to analyze XPoint's source code, including the portions relating to the collection and transmission of data involving a first and second server. (*See* D.I. 1 ¶¶ 29–34; Grady Decl. ¶¶ 6–7.) Based on its analysis of XPoint's source code, GeoComply will be able to precisely articulate its infringement allegations. (*Id.*) This in turn will allow GeoComply, XPoint, and the Court to litigate the PI Motion more efficiently. (*Id.*)

## IV.    LEGAL STANDARD

This Court should exercise its "broad discretion" to "expedite . . . discovery." *Vision Films, Inc. v. John Does 1-24*, C.A. No. 12-1746-LPS-SRF, 2013 WL 1163988, at *2 (D. Del. Mar. 20, 2013). While this Circuit has not "established" a standard for motions to expedite discovery, *Park Lawn Corp. v. PlotBox, Inc.*, C.A. No. 20-1484-RGA, 2021 WL 3490020, at *1 (D. Del. Aug. 9, 2021), this Court and others apply a "good cause" standard. *Avas Sales Lead Servs., Inc. v. Doe*, C.A. No. 21-1005-MN-SRF, 2022 WL 4245531, at *2 (D. Del. Sept. 15, 2022); *see Canal Street Films v. Does 1–22*, Civ. No. 1:13-CV-0999, 2013 WL 1775063, at *2 (M.D. Pa. Apr. 25, 2013) ("[T]he recent trend among courts in this circuit favors the 'good cause' or reasonableness standard."). "Good cause" exists when the expedited discovery request "is reasonable in light of the relevant circumstances." *Kone Corp. v. ThyssenKrupp USA, Inc.*, C.A. No. 11-465-LPS-CJB, 2011 WL 4478477, at *4 (D. Del. Sept. 26, 2011) (quotation omitted); *see also Strike 3 Holdings, LLC v. Doe*, No. 1:18-CV-12585-NLH-JS, 2020 WL 3567282, at *4 (D.N.J. June 30, 2020).

To decide whether an expedited discovery request is reasonable, "'the court must weigh the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party, by considering such factors as (1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden to the

respondent.'" *Park Lawn Corp.*, 2021 WL 3490020, at *2 (quoting *Kone*, 2011 WL 4478477, at *4).[1] All three of these factors favor expedited discovery here.

V.    **ARGUMENT**

GeoComply's request for a short, targeted review of XPoint's geolocation service source code is reasonable at this early juncture because the request is narrow and poses little, if any, prejudice to XPoint. In fact, the request will likely *benefit* the parties and the Court by enabling GeoComply to efficiently and precisely articulate its infringement allegations. All three express "reasonableness" test factors favor granting GeoComply's motion. *Park Lawn Corp.*, 2021 WL 3490020, at *2. Additionally, given the irreparable harm alleged in the Complaint, GeoComply respectfully requests that the Court enter an expedited briefing schedule and hearing (if needed) on this motion.

A.    **The Timing and Context Favor Expedited Discovery**

GeoComply is seeking a short, targeted review of XPoint's source code to more precisely articulate its infringement read on the accused service for an anticipated PI Motion. Grady Decl. ¶ 7. The timing of this request is as early as practicable, and certainly before XPoint will have expended many, if any, resources in this case. GeoComply first learned of XPoint's accused service in late August 2022, and in the weeks since has filed its Complaint alleging infringement and substantially prepared the PI Motion. *Id.* ¶ 4. GeoComply has moved quickly and thoroughly

---

[1] There is a second test used by some courts for expedited discovery known as the *Notaro* test, which is "'very similar to a preliminary injunction analysis and looks more closely at the merits of the request.'" *Park Lawn Corp.*, 2021 WL 3490020, at *1 (citation omitted). The "reasonableness" test should be used, however, when a party seeks expedited discovery to support an anticipated motion for preliminary injunction. *Cf. id.* at *2 ("When a party seeks expedited discovery to support an anticipated motion for preliminary injunction, some district courts have favored the reasonableness test over the *Notaro* test on the basis that the *Notaro* test can be 'circular and ineffective.'" (quoting *Kone*, 2011 WL 4478477, at *6)). GeoComply's request would still meet the *Notaro* test, however, if adopted by this Court for this motion.

due to the irreparable harm XPoint's infringement is causing (D.I. 1 ¶¶ 19–21)—harm that is ballooning due to XPoint's ongoing expansion, including XPoint's September 22, 2022 announcement of a deal to provide its accused geolocation services to sports betting exchange Sporttrade (*id.* ¶ 38, Ex. 7; *see also id.* ¶¶ 37, 39–41) and announcement just yesterday of a "multi-million-dollar round of investment funding that will support the company's continued growth in the USA." Grady Decl. ¶ 8, Ex. A.

Rather than immediately file the PI Motion and launch into full discovery, GeoComply believes it would be most efficient to allow GeoComply's requested targeted discovery to provide additional precision for the infringement read in the PI Motion. *See Kone*, 2011 WL 4478477, at *7 & n.10 ("[T]he case is likely to be streamlined and proceed more efficiently if targeted, expedited discovery proceeds at this juncture . . . ." (citation omitted)).

Although its PI Motion has not been filed, GeoComply has done substantial work on it. Grady Decl. ¶ 4. This motion, then, is not a mere fishing expedition, but rather an efficient use of the parties' and the Court's resources to define the issues in GeoComply's PI Motion more precisely. Courts routinely grant expedited discovery on similar grounds. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2011 WL 1938154, at *2 (N.D. Cal. May 18, 2011) ("[C]ourts have found that expedited discovery may be justified to allow a plaintiff to determine whether to seek an early injunction."); *Interserve, Inc. v. Fusion Garage PTE, Ltd.*, No. C 09-05812 JW PVT, 2010 WL 143665, at *2 (N.D. Cal. Jan. 7, 2010) ("Expedited discovery will allow plaintiff to determine whether to seek an early injunction.").

Further, in no event will GeoComply's inspection of XPoint's software code be for naught. GeoComply will unquestionably review XPoint's software code during the pendency of this litigation. Grady Decl. ¶ 5. As such, permitting inspection of the code now—before GeoComply

files its PI Motion—will likely save substantial resources of the Court and the parties. At worst, some inevitably-pursued discovery will already be complete. The *Kone* court ordered expedited discovery on these very grounds:

> Regardless of the outcome of Plaintiff's preliminary injunction motion, Plaintiff will presumably soon be seeking documentary and testimonial evidence relating to the accused products, just as it has done with its expedited requests. *Discovery at this phase is therefore likely not only to crystallize the issues for the preliminary injunction hearing, but also will not be wasteful, because much of the information at issue would likely have been turned over anyway by Defendants soon after a Rule 16 conference*.

2011 WL 4478477, at *7 (emphasis added).

Both the timing and context of this request thus favor granting the Motion.

**B.     The Expedited Discovery Sought is Tailored to Preliminary Injunction Issues**

GeoComply believes the information it has regarding XPoint's infringement is sufficient to satisfy each element under the preliminary injunction analysis. But as explained above, a targeted review of source code will enable GeoComply to efficiently and more precisely articulate that infringement analysis. Grady Decl. ¶¶ 6–7. A motion for expedited discovery is "proper" when it is "focused on only those narrow categories of documents [and information that] will substantially contribute to moving this case forward." *Kone*, 2011 WL 4478477, at *7 (quotation omitted). The only discovery being sought is that of XPoint's source code, and specifically to review only those portions relevant to claim 1 of the '805 Patent. At this early stage, further discovery is unnecessary for the limited purpose of vetting GeoComply's anticipated PI Motion.

**C.     Expedited Discovery Will Not Impose a Significant Additional Burden on XPoint**

For at least three reasons, expedited discovery will not impose a significant additional burden on XPoint.

7

*First*, as discussed above, the discovery sought is narrowly targeted to an efficient review of XPoint's source code. XPoint need only set up a review computer and identify someone on its behalf to monitor the review to ensure compliance with any protective order. This targeted discovery does not entail substantial document collection and review efforts, depositions, or written discovery. If anything, this discovery will *benefit* both XPoint and GeoComply by "crystalliz[ing]" the infringement issues at stake. *Kona*, 2011 WL 4478477, at *7.

*Second*, the type of discovery sought is the same that will be sought in the normal course of patent litigation soon after the Rule 16 scheduling conference. In all patent cases involving software, the patent owner will seek to review the accused product or service's source code, as contemplated by the Court's Default Standard for Access to Source Code. *See, e.g.*, *Finjan, Inc. v. Rapid7, Inc.*, C.A. No. 18-1519-MN, 2020 WL 5798545, at *1 (D. Del. Sept. 29, 2020) (discussing source code production in the District of Delaware). Thus, any effort to prepare a source code review computer will not be wasted effort; it will be used again after the preliminary injunction phase.

*Third*, XPoint's source code will remain confidential. "While this expedited discovery may involve the disclosure of Defendants' confidential business and/or trade secret information, any concerns regarding confidentiality can be adequately addressed with a Protective Order." *Kone*, 2011 WL 4478477, at *7. D. Del. LR 26.2 ensures that any source code is confidential and attorneys' eyes only unless and until a protective order is entered, and GeoComply is willing and expects to enter into a reasonable protective order with XPoint regarding the production of source code, with a separate tier of protection for such source code, as is the norm in this Court.

    **D.    GeoComply Respectfully Requests an Expedited Briefing Schedule and Hearing on this Motion**

Through its Complaint and anticipated PI Motion, GeoComply seeks preliminary and permanent injunctive relief against XPoint's infringement of the '805 Patent. GeoComply only first became aware of XPoint's infringement this August, and learned only in the past week that XPoint is further expanding its reach (and infringement) by partnering with a second company to provide its geolocation services and announcing a new round of investment funding. (D.I. 1 ¶ 35; Grady Decl. ¶ 8, Ex. A.) In view of the seriousness of GeoComply's alleged harm, XPoint's rapid expansion, GeoComply's timeliness in preparing its Complaint and its anticipated PI Motion, and the relative straightforwardness of this motion, GeoComply respectfully requests that Court enter an expedited briefing schedule on this motion, with XPoint's answering brief due on or before October 11, 2022, and GeoComply's reply brief due on or before October 14, 2022.

**VI.    CONCLUSION**

If this motion is granted, the *benefits* to the parties and the Court will be great: XPoint will be able to defend GeoComply's precise infringement allegation from the very outset, which will streamline the already-complicated scheduling orders common to PI Motions. XPoint will be *burdened* only in that it will have to provide a laptop of code. And in any event, as this Court is aware, source code is almost always inspected in software patent infringement matters; the very worst that can result from granting this motion is that this inevitability happens sooner. Against that backdrop, and given GeoComply's allegations of irreparable harm—harm that grows with every passing day—the Court should enter an expedited briefing schedule and grant GeoComply's motion for expedited discovery of XPoint's source code.

Dated: September 29, 2022                    BAKER & HOSTETLER LLP

/s/ *Jeffrey J. Lyons*
Jeffrey J. Lyons (#6437)
1201 North Market Street, Suite 1402
Wilmington, DE 19801
(302) 468-7088
jjlyons@bakerlaw.com

Douglas A. Grady
Paul J. Bruene
999 Third Avenue, Suite 3900
Seattle, WA 98104
(206) 566-7120
dgrady@bakerlaw.com
pbruene@bakerlaw.com

Andrew E. Samuels
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
(614) 462-2699
asamuels@bakerlaw.com

Kevin P. Flynn
312 Walnut Street, Suite 3200
Cincinnati, OH 45202
(513) 852-2627
kflynn@bakerlaw.com

*Attorneys for GeoComply Solutions Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that copies of Plaintiff GeoComply Solutions Inc.'s Motion for Expedited Discovery and Request for Expedited Briefing were caused to be served on September 29, 2022 upon the following in the manner indicated:

XPoint Services LLC  
1410 20th Street, Suite 202  
Miami Beach, Florida 33139

*VIA FEDEX and SERVICE OF PROCESS  
ON REGISTERED AGENT*

*/s/ Jeffrey J. Lyons*  
Jeffrey J. Lyons (#6437)