IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEOCOMPLY SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1273 (CFC) |
| | ) | |
| XPOINT SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**GEOCOMPLY SOLUTIONS, INC.'S OPPOSITION TO
DEFENDANT'S EMERGENCY MOTION FOR EXTENION OF TIME**

Plaintiff GeoComply Solutions, Inc. ("GeoComply") opposes Defendant XPoint Services LLC's ("XPoint") Emergency Motion for Extension of Time seeking a 30-day extension to respond to the Complaint. D.I. 12. As it made clear to XPoint, GeoComply's concern is not with an extension in the abstract, but with the effect that a 30-day extension will have, including delaying the scheduling of a Rule 16 conference and the beginning of discovery. XPoint's continued commercialization of its accused geolocation services is causing GeoComply irreparable harm, and GeoComply wishes to cite specific portions of XPoint's source code in support of its infringement position on its anticipated preliminary injunction motion. *See* D.I. 8. Despite GeoComply's concerns as to the delay an extension would cause, XPoint seeks to force a 30-day extension *and* to deny GeoComply access to XPoint's source code during those 30 days and beyond. Under the facts

and circumstances present here, GeoComply cannot agree to a naked 30-day extension.

GeoComply filed its Complaint (D.I. 1) on September 27, 2022, seeking to enjoin XPoint from infringing U.S. Patent No. 9,413,805. D.I. 1. GeoComply served the summons and Complaint on XPoint on September 29, 2022. D.I. 7. The following day, on September 30, 2022, XPoint released a press release stating that it believes the allegations in GeoComply's Complaint are "meritless":

> Xpoint, the geolocation technology company, has become aware that a market competitor, GeoComply, has recently filed a complaint alleging that Xpoint infringes U.S. patent No. 9,413,805. Xpoint believes the allegations are meritless.

*See* Ex. A.

On October 10, 2022, XPoint's Delaware counsel called and requested a 30-day extension to respond to the Complaint. On October 11, 2022, undersigned counsel responded, explaining that the requested extension was unwarranted given the specific circumstances of this case, specifically that (1) GeoComply believes it is being irreparably harmed each passing day due to XPoint's newly announced financing and partnerships involving the accused services (*see* D.I. 8, 9); and (2) XPoint had already decided and announced publicly that the allegations of the Complaint were "meritless" fewer than 24 hours after service of the Complaint, indicating that XPoint has been aware of this action since then and presumably had

been preparing for GeoComply's infringement allegations since well before then. *See* Ex. B (Email chain between J. Lyons and J. Blumenfeld). Nonetheless, GeoComply offered a one-week extension in exchange for access to XPoint's source code for the accused services. *Id.*

XPoint's counsel responded on October 12, 2022 that "a one-week extension" was not sufficient time for counsel "to analyze the issues and prepare a response" and that it "did not agree to conditioning any extension upon XPoint making its source code available." *Id.* Instead of proposing a compromise, XPoint's counsel indicated that it would go to the Court with its request if GeoComply would not accede to a 30-day extension. *Id.*

Later that same day, undersigned counsel responded again, indicating that the extension of time to investigate is not the problem, but rather GeoComply's concern is with the result of the extension, which would push the scheduling conference out further and thus further delay XPoint's ability to review source code in support of its anticipated preliminary injunction motion. *Id.* Undersigned counsel then indicated that it welcomed a counterproposal. *Id.*

On October 13, 2022, XPoint's counsel again refused to agree to produce source code by a date certain and again stuck with the 30-day extension request, indicating that XPoint believed that the parties were at an impasse. *Id.* That same day, undersigned counsel confirmed that the parties were at an impasse only if

3

XPoint was refusing to produce source code or to discuss a shorter extension. *Id.* XPoint's counsel responded with a request for an unconditional 21-day extension. *Id.* Undersigned counsel indicated that an unconditional extension of 21 days would still unduly delay the earnest start of this case, but offered to agree to 21 days if XPoint would agree to produce source code by November 7, and to agree to 7 days if XPoint would not so agree. *Id.*

As set forth in the email exchanges between counsel (Ex. B), and as more fully explained in GeoComply's motion for expedited discovery (D.I. 8, 9), GeoComply believes the facts and circumstances here require that discovery begin as soon as possible. XPoint's requested extension and refusal to negotiate as to timing for source code production, even though it has apparently already investigated the infringement allegations in the Complaint and found them "meritless," indicates that XPoint is trying to delay this matter and delay GeoComply's review of XPoint's source code in advance of GeoComply's anticipated preliminary injunction motion. GeoComply is willing to agree to any reasonable extension of time to respond to the Complaint, but wants to ensure that the case, and specifically discovery, is not delayed based on the extension. Therefore, GeoComply opposes the specific relief requested by XPoint in its motion.

| | |
|---|---|
| Dated: October 13, 2022 | BAKER & HOSTETLER LLP |
| | |
| | /s/ *Jeffrey J. Lyons* |
| | Jeffrey J. Lyons (#6437) |
| | 1201 North Market Street, Suite 1402 |
| | Wilmington, DE 19801 |
| | (302) 468-7088 |
| | jjlyons@bakerlaw.com |
| | |
| | Douglas A. Grady |
| | Paul J. Bruene |
| | 999 Third Avenue, Suite 3900 |
| | Seattle, WA 98104 |
| | (206) 566-7120 |
| | dgrady@bakerlaw.com |
| | pbruene@bakerlaw.com |
| | |
| | Andrew E. Samuels |
| | 200 Civic Center Drive, Suite 1200 |
| | Columbus, OH 43215 |
| | (614) 462-2699 |
| | asamuels@bakerlaw.com |
| | |
| | Kevin P. Flynn |
| | 312 Walnut Street, Suite 3200 |
| | Cincinnati, OH 45202 |
| | (513) 852-2627 |
| | kflynn@bakerlaw.com |
| | |
| | *Attorneys for GeoComply Solutions, Inc.* |