# BakerHostetler

Baker&Hostetler LLP

1201 North Market Street
Suite 1402
Wilmington, DE  19801

T  302.319.2799
www.bakerlaw.com

Jeffrey J. Lyons
direct dial: 302.468.7088
jjlyons@bakerlaw.com

November 22, 2022

**VIA ELECTRONIC FILING AND FEDERAL EXPRESS**

The Honorable William C. Bryson
United States Court of Appeals, Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

Re:   *GeoComply Solutions Inc. v. XPoint Services LLC*, C.A. No. 22-1273-WCB (D. Del.)

Dear Judge Bryson:

On behalf of Plaintiff GeoComply Solutions Inc. ("GeoComply"), I write to request that the Court set a Rule 16(b) scheduling conference for this case at its earliest convenience. GeoComply believes a Rule 16(b) conference is warranted here, notwithstanding Defendant XPoint Services LLC's ("XPoint") motion to dismiss (the "Motion"), for two principal reasons.

First, GeoComply is being irreparably harmed by XPoint's infringement, and further delay in view of XPoint's Motion is undue.  Some short background is helpful to put this issue into context.  In its September 27, 2022 Complaint, GeoComply alleged infringement by XPoint of U.S. Patent 9,413,805.  (D.I. 1.)  On September 29, 2022, citing imminent irreparable harm, GeoComply moved for expedited discovery, and for expedited briefing on that motion for expedited discovery, in order to review XPoint's source code to support its anticipated motion for preliminary injunction.  (D.I. 8, 9.)  Chief Judge Connolly denied both motions the following day.  (D.I. 10, 11.)  XPoint thereafter sought a 30-day extension to respond to the Complaint, notwithstanding already having an apparent basis to label the allegations "meritless" in numerous public articles.  The parties could not reach agreement on an extension, and XPoint moved on October 13, 2022 for a 30-day extension.  (D.I. 12.)  GeoComply filed its opposition to the motion approximately 12 minutes later.  (D.I. 13.)  Chief Judge Connolly granted the extension on October 17, 2022.  (D.I. 14.)  On the deadline for its response, XPoint moved to dismiss the Complaint under Section 101 and Rule 8.  (D.I. 16, 17.)

Shortly before XPoint filed its Motion, and in view of the irreparable harm asserted by GeoComply numerous times during the pendency of this action, GeoComply's counsel asked XPoint's counsel to confer pursuant to Rule 26(f) on a schedule for this action.  XPoint's counsel refused to confer, and instead indicated that it would discuss a case schedule "once the Court

The Honorable William C. Bryson
November 22, 2022
Page 2

schedules a Rule 16 conference[.]" Because of the imminent irreparable harm and XPoint's continued refusal to move this case forward, GeoComply respectfully requests that the Court set a Rule 16(b) scheduling conference at its earliest convenience.

Second, it is customary in the District of Delaware for a motion to dismiss to not delay the entry of a schedule. *See, e.g.*, *Liqwd, Inc. v. L'Oreal USA, Inc.*, C.A. No. 17-14-JFB-SRF, 2019 WL 366223, at *3 (D. Del. Jan. 30, 2019) ("Discovery routinely proceeds while a motion to dismiss an amended pleading remains pending, and this case is no exception."); *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, C.A. No. 14-1192-LPS-CJB, 2015 WL 1737476, at *3 (D. Del. Apr. 9, 2015) (discussing Judge Stark's procedures, explaining that although his "procedure certainly leaves plenty of room for the Court to stay discovery and defer entry of a schedule if a case-dispositive motion to dismiss is pending, the Court reads it as expressing the District Court's preference that, in the main, cases should move forward—even in the face of a yet-to-be-resolved motion to dismiss."). Courts in this District generally schedule Rule 16(b) conference during the pendency of a motion to dismiss, *see, e.g.*, *Universal Secure Registry LLC v. Apple Inc.*, C.A. No. 17-585-JFB-SRF, D.I. 46 (D. Del. Feb. 8, 2016) (requesting Rule 16(b) scheduling conference with pending motion to dismiss and motion to transfer, with the conference set by Judge Fallon days later over defendants' opposition (D.I. 47, 48 & Feb. 13, 2018 Oral Order)), and when the Court proceeds in the customary manner of entering a case schedule, it is the burden of the party opposing moving forward with the case to seek a stay. *See, e.g.*, *Shure Inc. v. ClearOne, Inc.*, C.A. No. 19-1343-RGA-CJB, D.I. 54 (Oral Order) (D. Del. Nov. 1, 2019) (denying motion to stay discovery pending a decision on defendant's motion to dismiss, noting the continual harm to plaintiff in the small market of competition if a stay were granted, that even a motion to dismiss all claims was insufficient to warrant a stay because it was "reasonable to infer that (purely as a statistical matter) [that] there [wa]s a decent likelihood that at least a portion of the ... case will survive the Motion[,]" and that defendant had failed to show that the "equities tilt in its favor") (Ex. A).

For the above reasons, GeoComply respectfully requests that the Court set a Rule 16(b) scheduling conference at its earliest convenience.

Counsel is available if the Court has any questions.


Respectfully,


/s/ *Jeffrey J. Lyons*
Jeffrey J. Lyons (#6437)


cc: All Counsel of Record (via CM/ECF)