ORAL ORDER: The Court, having reviewed Defendant's Motion to Stay Discovery Pending Decision on Defendant's Motion to Dismiss ("Motion"), (D.I. 26), and the parties' briefing related thereto, (D.I. 27; D.I. 39; D.I. 44), having heard argument on October 28, 2019, and having considered the three stay-related factors, hereby ORDERS that the Motion is DENIED (as to Plaintiffs' non-patent claims) for the following reasons. (1) The "relationship between the parties" subfactor of the "undue prejudice" factor surely weighs against a stay (for the reasons the Court has said out in the immediately preceding Order) and is significant here. These parties are real, direct competitors in what appears to be a fairly narrow market, and so there is the worrisome prospect of continuing harm (if Plaintiffs non-patent claims are of merit) that may be difficult to later fully address via monetary damages. (D.I. 39 at 4; D.I. 44 at 4) And with respect to other of the undue prejudice subfactors, while Defendant argues that the stay would be "brief" and thus would not unduly prejudice Plaintiffs, the Court has a busy docket and it could take some significant number of months for Defendant"s Motion to be resolved. (D.I. 39 at 10-11); (2) With respect to the "status of the litigation" and "simplification" factors, although it is early in the case and thus that factor favors a stay, the simplification factor is neutral at best. While it is true that if the Court were to grant Defendant's Motion in its entirety, the case would be over, (D.I. 44 at 1), that Motion involves many different arguments about many different types of claims. Even if some arguments made via the Motion are successful, some may not be, and it is thus reasonable to infer that (purely as a statistical matter) there is a decent likelihood that at least a portion of the non-patent case will survive the Motion. See, e.g., Yodlee, Inc. v. Plaid Techs. Inc., Civil Action No. 14-1445-LPS-CJB, (D.I. 57 at 4-6) (D. Del. July 20, 2015).; (3) Thus, the "status of the litigation" factor weighs in favor of a stay, the "undue prejudice" factor weighs strongly against a stay, and the "simplification" factor is about neutral. With the movant not having shown that the equities tilt in its favor, the Court finds that Defendant's Motion should be denied. See, e.g., Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc., 193 F. Supp. 3d 345, 353 (D. Del. 2016).; (4) In light of this Order as well as the Courts prior Order granting Defendant's motion to stay Plaintiffs' patent infringement claim with respect to United States Patent No. 9,565,493 ("'493 patent") until the conclusion of the inter partes review of all claims of the '493 patent, the parties shall submit, by no later than November 8, 2019, a proposed Scheduling Order with respect to Plaintiffs' non-patent claims. The proposed Scheduling Order should be consistent with Judge Burke's form Rule 16 Scheduling Order for non-patent cases up through and including paragraph 12 (i.e., regarding the portions of the case schedule through the case dispositive motion stage of the case), and consistent with paragraphs 9-12 of Judge Andrews' Rule 16 Scheduling Order for Non-Patent Cases (i.e, regarding the portions of the case schedule following the case dispositive motion stage). If there are disputed issues between the parties regarding the content of the Scheduling Order, the parties should note those areas of dispute in the proposed Scheduling Order, along with their proposals for the language the Court should adopt as to that issue. In addition, the parties may each separately file a letter (of no more than two single-spaced pages) setting forth their position as to these disputed issues. Both Scheduling Orders can be found on Judge Burke's/Judge Andrews' portions of the District Court website. Ordered by Judge Christopher J. Burke on 11/1/2019. (dlb) (Entered: 11/01/2019)

As of November 4, 2019, PACER did not contain a publicly available document

associated with this docket entry. The text of the docket entry is shown above.

*Shure Incorporated et al v. ClearOne, Inc.*
1-19-cv-01343 (DED), 11/1/2019, docket entry 54